■ EILEEN BRADLEY, Respondent, v JAMES BRADLEY, Appellant. — Order of the Supreme Court, New York County (Stanley Ostrau, J.), entered November 30, 1984, directing defendant to execute all documents necessary to enable plaintiff and the two infant children of the parties to travel to South Africa for a period of one month upon compliance by plaintiff with certain conditions, and denying defendant's cross motion to prohibit plaintiff from removing the children from the State of New York, and for counsel fees, reversed, on the law, the facts and in the exercise of discretion, the motion denied and the cross

motion granted to the extent only of prohibiting the removal of the children from this State, all without costs.

Plaintiff is a citizen of the Union of South Africa. She was married to defendant in that country in 1979. There are two children of the marriage, one aged four and one aged two. Plaintiff had spent every Christmas vacation until 1983 with her family, who continue to reside in South Africa. On each occasion the child or children of the marriage accompanied her.

In 1983 the marriage began to disintegrate and in April 1984, plaintiff commenced this action for divorce. The record does not indicate whether any order as to custody has been entered. Apparently, however, the children reside with the plaintiff.

As the 1984 Christmas vacation approached, plaintiff requested defendant to execute visa applications for the children. Since both possess American citizenship, such visas were necessary. Seemingly, under South African law, where infant children are involved, consent by both parents is necessary. Defendant refused to consent and the motion and cross motion followed. After a brief hearing the motion court granted plaintiff's application upon two conditions: first, that custody be vested in defendant during the stay in South Africa with physical possession of the children in plaintiff, and secondly, that she transfer the cooperative apartment of the parties to the defendant with the understanding that it would become the "separate property" of the defendant in the event of her failure to return with the children to this State. By order of this court the determination of the motion court was stayed and the appeal accelerated.

We reverse, deny the application to compel the defendant to execute the forms necessary to procure visas for the children and grant the cross motion to the extent of prohibiting removal of the children from this State. Custody of the children has not yet been determined. The granting of custody to defendant during the proposed visit to South Africa is largely illusory. Should plaintiff fail to return, defendant would be compelled to litigate the custody issue more than half a world away and the binding effect of the motion court's order, made upon a cursory hearing, is most questionable. Indeed, it might well be questionable in this State too, for no consideration has been given to the best interests of the children (*Daghir v Daghir,* 56 NY2d 938). Illusory, too, is the condition that the parties' cooperative apartment will be considered defendant's "separate property" in the event plaintiff does not return. Should that occur, plaintiff will not need a place of residence in this State. All she would be forfeiting in those circumstances would be her equity in the apartment — a forfeiture she might be most willing to accept if her purpose were to remain permanently in South Africa.

In these circumstances, bearing in mind the potential for loss of defendant's right of visitation, and perhaps even custody, we cannot say that removal of the children from this State is appropriate at this stage of the litigation between the parties. Concur — Sullivan, J. P., Ross, Bloom and Fein, JJ.